Filed 10/28/13  Marriage of Bailey and Nation CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| In re Marriage of ADRIAN BAILEY and REBECCA NATION. | B242417 (Los Angeles County Super. Ct. No. SD 025781) |
| ADRIAN BAILEY, Respondent, v. REBECCA NATION, Appellant. |  |

APPEAL from an order of the Superior Court of Los Angeles County, David J. Cowan, Commissioner.  Reversed.

Friedman & Friedman, Ira M. Friedman, David Friedman and Gail S. Green for Appellant.

Adrian Bailey, in pro. per., for Respondent.

\* \* \* \* \* \*

In a prior appeal, we reversed a trial court order requiring Rebecca Nation to pay her ex-husband Adrian Bailey's attorney fees. We found no evidence that Nation had the ability to pay Bailey's fees even though there was evidence Nation's mother had such ability. While the prior appeal was pending, the trial court ordered Nation to pay additional fees to Bailey's attorney. We now reverse the second order for the same reason as the first: there was no evidence that Nation had the ability to pay Bailey's attorney fees.

**FACTS AND PROCEDURE**

Nation and Bailey, who divorced in 2007, have one child. (*In re Marriage of Bailey & Nation* (Jan. 14, 2013, B236851) [nonpub. opn.] (*Bailey I*).) In September 2011, the trial court ordered Nation to pay $10,000 in attorney fees to Bailey. We reversed that order in an opinion filed January 14, 2013. (*Bailey I, supra*, B236851.) We explained that there was no evidence Nation had the ability to pay the attorney fee award and "Nation's mother could not be ordered under [Family Code] section 2030 to finance her ex-son-in-law's litigation." (*Ibid*.)

While *Bailey I* was pending, on March 15, 2012, the trial court ordered Nation to pay Bailey's attorney $10,000 to assist with the appeal in *Bailey I*. The trial court found that "there is a disparity in access to funds to retain counsel, and that the Respondent [Nation] has access to funds, based upon the amount of attorney's fees that have been paid by her, or paid on her behalf, in the past." The court further indicated it would not permit discovery by either party until Nation paid Bailey's attorney. The court recognized that this second order was based on the same reasoning as its first (the one then pending on appeal) and recognized that reversal of the first order would require reversal of the second.

**DISCUSSION**

In the prior appeal, we determined that "[Family Code] section 2030 requires not only a disparity in access to funds, but also evidence that one party is able to pay for legal representation of both parties. Section 2030, subdivision (b) provides: 'the court shall make findings on whether an award of attorney's fees and costs under this section is

2

appropriate, whether there is a disparity in access to funds to retain counsel, and whether *one party is able to pay for legal representation of both parties*.'  (Italics added.)  Thus, under the plain language of the statute, in addition to determining that there was a disparity in access to funds, the court was required to consider whether Nation was able to pay for the legal representation of both parties."  (*Bailey I, supra*, B236851.)  Our determination constitutes law of the case, which requires that when "'an appellate court states in its opinion a principle of law necessary to the decision, that principle becomes law of the case and must be adhered to in all subsequent proceedings, including appeals.  [Citations.]'"  (*Roden v. AmerisourceBergen Corp.* (2007) 155 Cal.App.4th 1548, 1576.)

Because there was no evidence Nation was able to pay the fees, the court erred in awarding fees.  Nation's income and expense declaration filed March 22, 2012, indicates that she had not been employed since May 2009, when she was employed for a two-week period.  Nation's income and expense declaration indicated that she owed her mother approximately $230,000 for legal expenses.

Evidence that Nation's mother funded Nation's attorney fees does not support the attorney fee award.  "Generally, '[p]arents are not obligated to pay the costs of their children's divorces.'  (*In re Marriage of Schulze* (1997) 60 Cal.App.4th 519, 532.)  There is an exception for a grandparent who is a party to the lawsuit.  (*In re Marriage of Perry* (1998) 61 Cal.App.4th 295, 310-311 [ordering grandmother who became party to pay other side's attorney fees]; see also [Fam. Code,] § 2030, subd. (d) [nonspouse party may be ordered to pay fees in an amount necessary to maintain or defend the action 'on the issues relating to that party'].)  But Nation's mother was not a party to the lawsuit, and therefore could not be ordered to pay Bailey's fees."  (*Bailey I, supra*, B236851.)

Because the order awarding attorney fees must be reversed, we need not consider Nation's argument that the court erred in prohibiting discovery until Nation paid Bailey's

3

attorney fees.  That prohibition was dependent on the order of attorney fees, which is now reversed.[1]

## DISPOSITION

The order is reversed.  The parties shall bear their own costs on appeal.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


RUBIN, J.

---

[1]    As in *Bailey I*, Bailey attempts to rely on the disentitlement doctrine, which disentitles a litigant from appealing when that litigant is in violation of a court order. (See *In re Marriage of Hofer* (2012) 208 Cal.App.4th 454, 456.)  Bailey states that Nation should be disentitled from appealing because she did not file a complete income and expense declaration and because she did not pay his attorney fees.  The record indicates Nation filed an income and expense declaration and Nation's failure to pay the attorney fee order, which we subsequently reversed on appeal, does not disentitle her from appealing the second order.

4